IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 24, 2025

## QUADARIUS DESHUN MARTIN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henderson County**
**No. 24-0631  Joseph T. Howell, Judge**
_____

**No. W2024-01472-CCA-R3-PC**
_____

MATTHEW J. WILSON, J., dissenting.


I respectfully dissent from the majority's opinion reversing the trial court's judgment and remanding for consideration of Appellant's pleading as a motion to withdraw his guilty pleas pursuant to Tennessee Rule of Criminal Procedure 32(f) because I conclude that Appellant abandoned any claim of relief on appeal based on Rule 32(f).

At the beginning of the evidentiary hearing, the trial court announced that the hearing involved both a motion to withdraw Appellant's guilty pleas and a request for post-conviction relief. At the conclusion of the hearing, Appellant stood silent when the court orally announced its intentions to deny Appellant's petition for post-conviction relief and did not address the motion to withdraw his plea. Appellant filed no written request to the trial court that requested the court consider his claim, even when the court issued its written order addressing only Appellant's post-conviction claims. On appeal to this court, Appellant limited his claims in his initial brief to a challenge to the trial court's denial of post-conviction relief and did not challenge the trial court's failure to rule on the pleading as a motion to withdraw his guilty pleas or otherwise claim that he was entitled to relief pursuant to Rule 32(f). This court entered an order for supplemental briefing that specifically mentioned Rule 32(f) and asked the parties to brief if the trial court erred "by not ruling on [Appellant's] request to withdraw his guilty plea?" Even after this order, Appellant continued seeking reversal of the trial court's judgment based upon the Post-Conviction Procedure Act rather than pursuant to Rule 32(f). I conclude that Appellant has abandoned any claim on appeal that he is entitled to relief pursuant to Rule 32(f), and, therefore, I disagree with the majority's decision to grant Appellant relief that he does not request. *See State v. Dellinger*, 79 S.W.3d 458, 488 (Tenn. 2002) (declining to address an issue raised in the trial court but abandoned on appeal); *Parker v. State*, No. W2015-01383-CCA-R3-PC, 2016 WL 4728010, at *3 (Tenn. Crim. App. Sept. 9, 2016) (holding in a

consolidated appeal from the post-conviction court's denial of a pro se motion to withdraw a guilty plea, which the court treated as a post-conviction petition, and the court's denial of a second post-conviction petition that the petitioner abandoned his original request to withdraw his guilty plea by failing to raise the issue on appeal); *see also State v. Dewalt*, No. W2018-01850-CCA-R3-CD, 2019 WL 3071758, at *2 (Tenn. Crim. App. July 12, 2019) (concluding in an appeal from the trial court's revocation of probation and imposition of a sentence for a separate conviction that the defendant abandoned any issue regarding the revocation of his probation by failing to challenge the trial court's decision on appeal); *Jackson v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. Oct. 26, 2009) (deeming claims raised in the trial court but not in the appellate brief as abandoned). Accordingly, I must respectfully dissent.


                             s/ Matthew J. Wilson
_____
MATTHEW J. WILSON, JUDGE